RECEIVED
IN ALEXANDRIA, LA

NOV 15 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**REGINALD YELVERTON**             DOCKET NO. 10-CV-1313; SEC. P
   **FED. REG. #16139-083**

**VERSUS**                         JUDGE DEE D. DRELL

**W. A. SHERROD**                  MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Richard Yelverton filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on August 12, 2010.[1] Petitioner is a District of Columbia prisoner serving a sentence in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

---

[1] Petitioner previously filed a petition for habeas corpus in this court under Section 2241 arguing that the USPC erroneously applied the Revised District of Columbia Parole Guidelines, subjecting him to an extended period of incarceration in violation of his constitutional rights. The petition was denied and dismissed with prejudice. *Yelverton v. Tapia*, #04-cv-1866.

Petitioner has filed several other petitions for habeas corpus including: *Yelverton v. Merriweather*, 1:1995-cv-0376 (D.C.D.C. 1995)(dismissed by petitioner); *Yelverton v. Pearson*, 1:02-cv-0185 (D.C.D.C. 2002)(dismissed per Petitioner's request); *Yelverton v. Conner*, 5:02-cv-3424 (D.Kan. 2002)(challenging detainer issued by Virginia state court; dismissed without prejudice for failure to exhaust); *Yelverton v. Conner*, 5:03-cv-3221 (D.Kan. 2003)(dismissed by petitioner); *Yelverton v. Mundt*, 5:04-cv-3047 (D.Kan. 2004)(dismissed by petitioner); *Yelverton v. Gallegos*, 5:04-cv-3250 (D.Kan. 2004)(transferred to E.D.Va. Per Petitioner's request); *U.S. v. Yelverton,* 934 F.2d 320 (4th Cir. 1991)(appealing conviction for attempted escape).

Petitioner was convicted of second degree murder in the Superior Court of the District of Columbia sometime in July, 1989. He was thereafter sentenced to a term of fifteen years to life. See Yelverton v. United States, 606 A.2d 181, 182 (D.C. App. 1992). He also received a sentence of 1-3 years for carrying a pistol without a license. Petitioner is currently serving the D.C. sentence, and states that even after completing his D.C. sentence, he will have to serve 24 months for a federal conviction of attempted escape and then 9 years in the custody of the Commonwealth of Virginia for another conviction.

While serving his sentence in Virginia, in 1988, Petitioner received notice that a detainer had been lodged against him for parole violation in Maryland. Thereafter, a writ of habeas corpus ad prosequendum was issued, and Petitioner was moved "*against his will*" from the Virginia prison to a D.C. jail and then to the Maryland court. Petitioner argues that because the proceeding in Maryland was merely "hearing" about a probation violation, as opposed to an arraignment on new charges, a *writ of habeas corpus ad prosequendum* could not legally be used to transfer petitioner from D.C. to Maryland. [Doc. #1, p.5]

Plaintiff further complains that the judge in Maryland ordered Plaintiff to be returned to the District of Columbia "forthwith", but he was instead transported to Virginia to face federal criminal charges. Petitioner complains that he was again transferred

"against his will," and that this was another violation of his right to due process.

### Law and Argument

Petitioner argues that, by releasing him to the State of Maryland pursuant to a writ of habeas corpus ad prosequendum, the District of Columbia waived its jurisdiction over the petitioner.

First, as Petitioner is well-aware from his previous habeas petitions, a prisoner seeking habeas relief pursuant to §2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). To be excused from this exhaustion requirement, the complainant must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Such exceptions to the exhaustion requirement "apply only in extraordinary circumstances, and [applicant] bears the burden of demonstrating the futility of administrative review." Id. (internal citations omitted).

The BOP has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. §§542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke,

3

11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, he must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate BOP Regional Director. See 28 C.F.R. §§542.10 *et seq.* The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar days of the date that the Regional Director signed the response." *Id.* at 542.15(a). Petitioner has not alleged that he complied with the requirement nor has he alleged that an administrative appeal would be futile.

Even if Petitioner had exhausted, his claim is still without merit. When a person has committed crimes against multiple sovereigns, the issue of who has jurisdiction over him is a matter of comity between the sovereigns. See McNeil v. Keffer, 2009 WL 1664469 (W.D.La. 2009), citing Jake v. Herschberger, 173 F.3d 1059, 1065 (7 th Cir.1999); Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir. 1984)(citing Ponzi v. Fessenden, 258 U.S. 254, 262 (1922)); see also Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980). It is well-settled that "[a] prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a writ of habeas corpus ad prosequendum." See In re Nix, 465 F.2d 377, 377-78 (5th Cir. 1972), *cert. denied*, 409 U.S. 1112 (1973). A writ of habeas corpus ad

4

prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)(citation omitted).

Petitioner has provided no legal support for his claim that he is entitled to be released from prison based on a writ from the 1980a. Simply because Petitioner was transferred against his will does not make the transfer illegal. Moreover, it appears that Petitioner did not exhaust his claims.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

**the District Court, except upon grounds of plain error.** <u>See</u> <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus, done and signed at Alexandria, Louisiana, this 15th day of November, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE